LAW OFFICES
CAMPEAU GOODSELL SMITH
A LAW CORPORATION
440 N. FIRST STREET, SUITE 100
SAN JOSE, CALIFORNIA 95113
TELEPHONE: (408) 295-9555
FACSIMILE: (408) 295-6606

SCOTT L. GOODSELL
WILLIAM J. HEALY

May 17, 2016

VIA Email Only millie_McGowan@canb.uscourts.gov
Hon. M. Elaine Hammond
c/o Millie McGowan

      Re: In re Robert S. Brower, Sr.
       U.S.B.C. (ND CA), Case No. 15-50801

       MUFG Union Bank, N.A. v. Robert Brower, Sr.
       U.S.B.C. (ND CA), AP Case No. 15-05119

Dear Judge Hammond:

  We are counsel for the Robert S. Brower, Sr., defendant in the above-entitled adversary proceeding ("Brower" or "Defendant"). This correspondence responds to May 3, 2106 correspondence submitted and filed by MUFG Union Bank, N.A. ("Bank" or "Plaintiff") and relative to subpoenas Plaintiff alleges it served on non-parties American Commercial Properties, Inc. ("ACP") (Doc#13) and Great American Wineries, Inc. ("GAW") (Doc#14).

  Although Defendant is not a party to the subpoenas to ACP and GAW, does not have evidence that the subpoenas were properly served, and at least GAW is represented by counsel, Defendant submits this response to briefly address some of the allegations contained in the Plaintiff's correspondence.

  As with Plaintiff's prior communications to the court, Plaintiff's lengthy correspondence are more of personal attacks on the Defendant, attempts to prejudice the court against the Defendant by providing lengthy, baseless, and self-serving story-lines while ignoring Defendant's multi-decade relationship with Plaintiff and Plaintiff's predecessors, attempts to reinvent decades of history between Defendant and Plaintiff and Plaintiff's predecessors, and attempts to conduct discovery relating to the Plaintiff's pending state court litigation against its borrower Chateau Julien, Inc. ("CJ") and not this adversary proceeding.

**American Commercial Properties, Inc. ("ACP")**

Plaintiff acknowledges that the Defendant is not an officer, director, shareholder, or agent for service of process of ACP, was not an officer, director, shareholder, or agent for service of process of ACP at the time of any alleged service of process, has been aware of these facts for months, and neither Defendant not Defendant's counsel ever accepted service of process or were authorized to accept service of process of the subpoenas for ACP.

Plaintiff, as part of its running dialogue, asserts that during refinancing and extensions of Plaintiff's loans to CJ the Defendant represented to Plaintiff that he owned interest in ACP. Defendant does not have any support for its assertion, In fact, in July 2015 Defendant, as Debtor and as part of a 2004 subpoena and examination, produce documentation and testified regarding the ownership of ACP, namely that on November 8, 2000, Defendant's 20th wedding anniversary, he transferred his interest in ACP to his spouse as her sole and separate property. Plaintiff does not have evidence inconsistent with this fact.

Defendant's counsel is aware that Marshall Pearlman was listed with the California Secretary of State as an agent for service of process for this Nevada corporation, represented such Plaintiff's counsel, was not involved in Mr. Pearlman's response to Plaintiff and statement that he is not willing to act as agent for service of process for ACP, and submits ACP was not served.

**Great American Wineries, Inc. ("GAW")**

Plaintiff acknowledges that the Defendant is not an officer, director, shareholder, or agent for service of process of GAW, was not an officer, director, shareholder, or agent for service of process of GAW at the time of any alleged service of process, has been aware of these facts for months, and neither Defendant not Defendant's counsel ever accepted service of process or were authorized to accept service of process of the subpoenas for GAW.

Defendant denies Plaintiff's various, self-serving, and revisionist allegations, including but not limited to, any allegation that he transferred his business of CJ to GAW, he claimed ownership interest in CJ, he represented to the Plaintiff that he owned GAW, he destroyed CJ's books and records or collateral (in fact Plaintiff prepared and apparently filed declaration for CJ's receiver indicating the receiver had received CJ's books and records and was attempting to sell the collateral, the Plaintiff has decades of financial documents from CJ, and the Plaintiff has access to decades of CJ's financial records), and he contributed to Plaintiff closing CJ and rejecting a proposal for a $4,000,000 pay down on CJ's loan—Plaintiff apparently neglected to

include this fact in its dialogue and that the Plaintiff's rejection is being litigated in state court.

Plaintiff use of the term "smuggled" is, at least, greatly disappointing and demonstrates that the true purpose of this correspondence is to personally attack the Defendant, prejudice the court against the Defendant, reinvent decades of history between Defendant and Plaintiff and Plaintiff's predecessors, and an attempt to conduct discovery relating to the Plaintiff's pending state court litigation against its borrower Chateau Julien, Inc. ("CJ") and not this adversary proceeding.

**American Commercial Properties, Inc. ("ACP")---Request for Continuance.**

Defendant notes ACP's in pro per request for a continuance of its response and the related hearing submitted to the court earlier today. Defendant does not object to ACP's request. Defendant also notes that Plaintiff's attorneys are currently in trial in Monterey County Superior Court against CJ (see above), the conclusion date of the trial is unknown, and the necessity of a further continuance of this discovery conference was previously brought the clerk's attention. Defendant does not object to a continuance to accommodate Plaintiff's calendar issue. To the extent a further continuance of the discovery cut-off is required then Defendant does not object.

Respectfully submitted,

CAMPEAU GOODSELL SMITH
/s/ William J. Healy
William J. Healy

cc. Via Email Steven B. Sacks, Esq. Ssacks@sheppardmullin.com
   Via Email Elias E. Salameh, Esq. esalameh@fentonkeller.com